1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   HAMIDULLAH ABDUL,                        No.  2:14-cv-1379 CKD

12              Plaintiff,

13        v.                                  ORDER

14   CAROLYN W. COLVIN, Acting
     Commissioner of Social Security,
15
                Defendant.
16

17

18        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

19   ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title

20   XVI of the Social Security Act ("Act").  For the reasons discussed below, the court will deny

21   plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for

22   summary judgment.

23   BACKGROUND

24        Plaintiff, born April 24, 1986, applied on July 27, 2011for SSI, alleging disability

25   beginning June 30, 2009.  Administrative Transcript ("AT") 128-136.  Plaintiff alleged he was

26   unable to work due to multilevel spondylosis, congenital stenosis, severe back pain and numbness

27   in the legs.  AT 147.  In a decision dated December 21, 2012, the ALJ determined that plaintiff

28   /////

                                          1

was not disabled.[1]  AT 9-18.  The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1.  The claimant has not engaged in substantial gainful activity since July 22, 2011, the application date.
>
> 2.  The claimant has the following severe impairments:  lumbar stenosis and degenerative disc disease of the lumbar spine.
>
> 3. At no time relevant did claimant have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in [the regulations] except claimant is

---

[1]     Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income is paid to disabled persons with low income.  42 U.S.C. § 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel five-step sequential evaluation governs eligibility for benefits under both programs.  See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

limited to occasional climbing, stooping, kneeling, crouching and crawling.  He can frequently balance.

5.  The claimant has no past relevant work.

6.  The claimant was born on April 24, 1986 and was 25 years old, which is defined as a younger individual age 18-49, on the date the application was filed.

7.  The claimant has at least a high-school education and is able to communicate in English.

8.  Transferability of job skills is not an issue in this case because the claimant does not have past relevant work.

9.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

10.  The claimant has not been under a disability, as defined in the Social Security Act, since July 22, 2011, the date the application was filed.

AT 11-17.

ISSUES PRESENTED

Plaintiff argues that the ALJ erred in finding that he did not meet a Listing and improperly rejected the opinion of his treating physician.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted).  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation."  Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

1    The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th

2    Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's

3    conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not

4    affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see

5    also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the

6    administrative findings, or if there is conflicting evidence supporting a finding of either disability

7    or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226,

8    1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in

9    weighing the evidence.  See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

10   ANALYSIS

11       A.  Listing 1.04

12       Plaintiff contends he meets Listing 1.04 (disorders of the spine) because of his spinal

13   stenosis.  The Social Security Regulations "Listing of Impairments" is comprised of impairments

14   to certain categories of body systems that are severe enough to preclude a person from performing

15   gainful activity.  Young v. Sullivan, 911 F.2d 180, 183-84 (9th Cir. 1990); 20 C.F.R. §

16   404.1520(d).  Conditions described in the listings are considered so severe that they are

17   irrebuttably presumed disabling.  20 C.F.R. § 404.1520(d).  In meeting or equaling a listing, all

18   the requirements of that listing must be met.  Key v. Heckler, 754 F.2d 1545, 1550 (9th Cir.

19   1985).

20       To meet a listed impairment, a claimant must establish that he meets each characteristic of

21   a listed impairment relevant to his claim.  To equal a listed impairment, a claimant must establish

22   symptoms, signs and laboratory findings "at least equal in severity and duration" to the

23   characteristics of a relevant listed impairment, or, if a claimant's impairment is not listed, then to

24   the listed impairment "most like" the claimant's impairment.  20 C.F.R. § 404.1526.  A finding of

25   equivalence must be based on medical evidence only.  20 C.F.R. § 404.1529(d)(3).

26       Plaintiff contends that the ALJ improperly considered whether he met Listing 1.04.  The

27   ALJ adequately and accurately summarized the medical records and noted that "[n]o treating or

28   examining physician has mentioned findings equivalent in severity to the criteria of any

4

1   musculoskeletal or neurological, listings, [sic] nor does the evidence show medical findings that

2   are the same or equivalent to those of any listed impairment of the Listing of Impairments." AT

3   12. The ALJ was not required to address in more detail why plaintiff did not meet or equal a

4   Listing. See Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990).

5        Although the burden is on plaintiff at step three, plaintiff fails to demonstrate that he

6   meets or equals all of the requirements for either Listing 1.04A or 1.04C. Listing 1.04A requires

7   "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain,

8   limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle

9   weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back,

10  positive straight-leg raising test (sitting and supine)." Plaintiff fails to demonstrate motor loss.

11  Examinations usually indicated plaintiff retained full strength. AR 248 ("motor full and equal"),

12  264 (5/5 strength in both upper and lower extremities), 281 (5/5 strength in bilateral lower

13  extremities), 317 (motor strength 5/5 in bilateral lower extremities); cf. AT 277 (plaintiff

14  demonstrated reduced motor strength because he could not perform to full strength due to pain).

15  Although plaintiff had occasional positive straight leg tests, the medical records do not show that

16  plaintiff had positive tests in both the sitting and supine positions, as required under Listing

17  1.04A. In addition, plaintiff generally demonstrated intact sensation, with normal reflexes. AT

18  238 (intact sensation to light touch in seated position), 248 (sensation grossly intact), 255 (intact

19  patellar, ankle reflexes), 281 (sensation intact to light touch at L2-S1 dermatomes).

20       Listing 1.04C requires "[l]umbar spinal stenosis resulting in pseudoclaudication,

21  established by findings on appropriate medically acceptable imaging, manifested by chronic

22  nonradicular pain and weakness, and resulting in inability ambulate effectively, as defined in

23  1.00B2b."[2] There is no record evidence that plaintiff could not ambulate effectively. Plaintiff's

24  contention that he meets or equals Listing 1.04A or 1.04C is meritless. There was no error in the

25  step three analysis.

26

27  [2] Listing 1.00B2b provides in pertinent part that "[i]nability to ambulate effectively means an
extreme limitation of the ability to walk, i.e. an impairment(s) that interferes very seriously with

28  the individual's ability to independently initiate, sustain, or complete activities.

1      B.  Treating Physician's Opinion

2          Plaintiff contends that the ALJ improperly rejected the opinion of his treating physician,

3   Dr. Kono.  The weight given to medical opinions depends in part on whether they are proffered

4   by treating, examining, or non-examining professionals.  Lester v. Chater, 81 F.3d 821, 830 (9th

5   Cir. 1995).  Ordinarily, more weight is given to the opinion of a treating professional, who has a

6   greater opportunity to know and observe the patient as an individual.  Id.; Smolen v. Chater, 80

7   F.3d 1273, 1285 (9th Cir. 1996).

8          To evaluate whether an ALJ properly rejected a medical opinion, in addition to

9   considering its source, the court considers whether (1) contradictory opinions are in the record,

10  and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a

11  treating or examining medical professional only for "clear and convincing" reasons.  Lester, 81

12  F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be

13  rejected for "specific and legitimate" reasons, that are supported by substantial evidence.  Id. at

14  830.  While a treating professional's opinion generally is accorded superior weight, if it is

15  contradicted by a supported examining professional's opinion (e.g., supported by different

16  independent clinical findings), the ALJ may resolve the conflict.  Andrews v. Shalala , 53 F.3d

17  1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).  In

18  any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical

19  findings.  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (treating physician's conclusory,

20  minimally supported opinion rejected); see also Magallanes , 881 F.2d at 751.  The opinion of a

21  non-examining professional, without other evidence, is insufficient to reject the opinion of a

22  treating or examining professional.  Lester, 81 F.3d at 831.

23         Dr. Kono saw plaintiff twice, once on July 7, 2010 and again on July 15, 2011.  AT 248-

24  49, 258-59.  The purpose of the first visit was for treatment; at that time Dr. Kono performed a

25  physical examination and noted that plaintiff had a normal gait, full motor strength and grossly

26  intact sensation.  AT 248.  At the second visit, the purpose of the visit was listed as "back pain

27  and filling out a form."  AT 258.  No examination was performed at the second visit and Dr.

28  Kono noted that the disability form was filled out "based on patient's estimation of his

6

1    capability."  AT 259.  Dr. Kono advised plaintiff at that time that "it would be better to get the

2    surgeon's input" regarding plaintiff's limitations.  AT 259.  Dr. Kono opined in a medical source

3    statement dated July 15, 2011 that plaintiff was extremely limited in his physical capacity, being

4    limited to only occasionally lifting less than 10 pounds and limited to less than 2 hours in an 8

5    hour workday of standing and/or walking.  AT 232.  In the section of the form asking for specific

6    restrictions and supportive evidence, Dr. Kono stated that such restrictions would "have to be

7    recommended by the spine specialist."  AT 233.

8         The ALJ accorded no weight to Dr. Kono's opinion that plaintiff could not even perform

9    sedentary work.  AT 15.  The ALJ reasoned that Dr. Kono specifically noted that functional

10   limitations should be assessed by a spine surgeon and that the limitations set forth by Dr. Kono

11   were conclusory, based on plaintiff's discredited subjective symptoms, and were unsupported by

12   the record medical evidence.  AT 15-16, 244-45, 255.  In formulating the residual functional

13   capacity, the ALJ instead properly relied on the opinions of the state agency physicians that

14   plaintiff was capable of a range of modified light work, and which opinions are supported by

15   substantial evidence.  AT57-59, 385.  In assessing a light capacity, the state agency physicians

16   recognized that although plaintiff had a positive MRI, he had full strength testing, range of

17   motion was good and that plaintiff responded to epidural steroid injections.  Assuming arguendo

18   that Dr. Kono should be considered a treating physician, despite the minimal contact with

19   plaintiff, the reasons set forth by the ALJ are specific and legitimate and supported by substantial

20   evidence.  There was no error in rejecting a conclusory opinion based on properly discredited

21   subjective complaints and which was unsupported by the medical record evidence.

22   CONCLUSION

23        For the reasons stated herein, IT IS HEREBY ORDERED that:

24        1.  Plaintiff's motion for summary judgment (ECF No. 15) is denied;

25   /////

26   /////

27   /////

28   /////

7

2.  The Commissioner's cross-motion for summary judgment (ECF No. 16) is granted; and

3.  Judgment is entered for the Commissioner.

Dated:  March 25, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 abdul.ss